# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOHN P. GARCIA, JR., | ) | CASE NO. 1:10-cv-02391 GSA PC |
| Plaintiff, | ) ) | ORDER DISMISSING COMPLAINT, WITH LEAVE TO FILE AMENDED COMPLAINT |
| v. | ) ) | WITHIN THIRTY DAYS |
| ASHRAF YOUSSEF, | ) | (Doc. 1) |
| Defendant. | ) ) | |

**Screening Order**

**I.    Screening Requirement**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c)(1).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

///

1 Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to § 1983 actions. <u>Swierkiewicz v. Sorema, N.A.</u>, 534 U.S. 506 (512) (2002). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." <u>Swierkewicz</u>, 534 U.S. at 512. Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949 (209), citing <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007). "Plaintiff must set forth sufficient factual matter accepted as true, to 'state a claim that is plausible on its face.'" <u>Iqbal</u>, 129 S.Ct. at 1949, quoting <u>Twombly</u>, 550 U.S. at 555. While factual allegations are accepted as true, legal conclusions are not. <u>Iqbal</u>, 129 S.Ct. at 1949.

Although accepted as true, "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level." <u>Twombly</u>, 550 U.S. at 555 (citations omitted). A plaintiff must set forth "the grounds of his entitlement to relief,'" which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." <u>Id</u>. at 555-56 (internal quotation marks and citations omitted). To adequately state a claim against a defendant, a plaintiff must set forth the legal and factual basis for his claim.

## II.     Plaintiff's Claims

Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at CCI Tehachapi, brings this civil rights action against Defendant Ashraf Youssef, M.D., the Chief Medical Officer at North Kern State Prison (NKSP). The events that give rise to this lawsuit occurred while Plaintiff was housed at NKSP. Plaintiff's statement of claim, in its entirety, follows:

> On March 18, 2010, I was received at NKSP R/C. At which time I was reviewed by a staff nurse and it was noted that I had a Neurofibroma/Left Subraclivicular Mass. I as at that time referred to see a doctor. From March 25, 2010, I was seen at least (8) times to have this tumor removed but never saw a neurosurgeon. I was put on Tylenol even after several attempts for something better to alleviate the pain. All my requests and visits were marked urgent but I never received the procedure knowing that I was in severe pain and that by not doing the procedure it was causing irreversible nerve damage.

> When I was transported to CCI I was transferred without relief of the tumor, July 17, 2010 the procedure was still not complete.

(Compl. ¶ IV.)

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). "A person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" Hydrick v. Hunter, 500 F.3d 978, 988 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743-44).

### A.     Eighth Amendment Medical Care Claim

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060). Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

Although Plaintiff names Dr. Yousseff as the Defendant, he fails to allege any conduct by Dr. Yousseff. In order to hold Dr. Yousseff liable under section 1983, Plaintiff must allege facts indicating that Dr. Yousseff knew of and disregarded a serious risk to Plaintiff's health. Although Plaintiff alleges that he had an objectively serious medical condition, he fails to allege any facts indicating that Dr. Yousseff knew of the condition. Plaintiff must allege facts indicating that Dr. Youssef must "both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and [the official] must also draw the inference." Farmer v. Brennan, 511 U.S. 834, 837 (1994).

Plaintiff may not hold Dr. Youssef liable on the theory that, as the Chief Medical Officer, he should have known of Plaintiff's condition. There is no respondeat superior liability, and each defendant is only liable for his or her own misconduct. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1948-49 (2009). A supervisor may be held liable for the constitutional violations of his or her subordinates only if he or she "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); also Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997). Here, Plaintiff fails to allege any facts to support a conclusory allegation that Dr. Yousseff knew of and disregarded a risk to Plaintiff's health.

## III.  **Conclusion and Order**

The Court has screened Plaintiff's complaint and finds that it does not state any claims upon which relief may be granted under section 1983. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff is cautioned that he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George, 507 F.3d at 607 (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights,

1 Hydrick, 500 F.3d at 987-88.  Although accepted as true, the "[f]actual allegations must be
2 [sufficient] to raise a right to relief above the speculative level . . . ."  Bell Atlantic Corp. v.
3 Twombly, 127 S.Ct. 1955, 1965 (2007) (citations omitted).

4     Finally, Plaintiff is advised that an amended complaint supercedes the original complaint,
5 Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567
6 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded
7 pleading," Local Rule 220.  Plaintiff is warned that "[a]ll causes of action alleged in an original
8 complaint which are not alleged in an amended complaint are waived."  King, 814 F.2d at 567 (citing
9 to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at
10 1474.

11     Accordingly, based on the foregoing, it is HEREBY ORDERED that:

12     1.     Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;

13     2.     The Clerk's Office shall send to Plaintiff a complaint form;

14     3.     Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an
15     amended complaint;

16     4.     Plaintiff may not add any new, unrelated claims to this action via his amended
17     complaint and any attempt to do so will result in an order striking the amended
18     complaint; and

19     5.     If Plaintiff fails to file an amended complaint, the Court will recommend that this
20     action be dismissed, with prejudice, for failure to state a claim.

23 IT IS SO ORDERED.

24     Dated:    **March 15, 2011**           /s/ **Gary S. Austin**
                                                   UNITED STATES MAGISTRATE JUDGE